UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20682-ALTONAGA

UNITED STATES OF AMERICA

vs.

MATTHIAS KRULL,

       Defendant.
_____/

## CONSENT TO FORFEITURE

I, **MATTHIAS KRULL**, freely and voluntarily and without coercion make the following consent to forfeiture and declaration:

1. On August 22, 2018, I pleaded guilty to a single-count Information, which charged me with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1957 and 1956(h). *See* Information, ECF No. 23; Plea Agreement ¶ 2, ECF No. 29.

2. In a written Plea Agreement, I agreed to the following provisions with respect to forfeiture:

> 15. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Information, and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant admits and agrees that the conduct described in the criminal complaint, Information, and factual proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.
>
> 16. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all assets, including real and personal property, cash, and other monetary instruments, wherever located, which the defendant, or others to the defendant's knowledge, have accumulated as a result of illegal activities, or are forfeitable as substitute assets in the place of assets accumulated as a result of illegal activities. The defendant further agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The defendant further agrees to take all steps necessary

to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the Office in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Office.

17. The defendant agrees to make full and accurate disclosure of his financial affairs to the United States and expressly authorizes the United States to obtain a credit report. The defendant agrees that within 10 calendar days and upon request of the Office, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under Title 18, United States Code, Section 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the United States, until his forfeiture money judgment is paid in full. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

18. The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant further knowingly and voluntarily: (1) waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, (2) waives any applicable time limits for the initiation of administrative or judicial forfeiture proceedings, (3) waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty, and (4) waives any right to appeal the forfeiture.

Plea Agreement ¶¶ 15-18.

3. As set forth in the Factual Proffer executed by me and submitted to the Court in support of my guilty plea, my role in the charged conspiracy was as a banker and money laundering facilitator for Conspirator 7 and others. Factual Proffer ¶ 21, ECF No. 30. Conspirator 7 contacted me regarding laundering approximately $600 million. *See* Factual Proffer ¶ 25. Conspirator 7 then introduced me to Conspirator 10 and Mario Enrique Bonilla Vallera ("Bonilla"), who represented the stepsons of Venezuelan Official 2. *See id.* ¶¶ 26-32. Bonilla is a defendant in a related criminal case, *United States v. Convit Guruceaga et al.*, Case No. 18-20687-CR-KMW.

4. As part of the conspiracy, I referred Bonilla to Conspirator 12 to assist in the laundering of the funds. In exchange for the referral, Conspirator 12 shared half of a 2-percent fee with me, which was 1 percent of $60 million, or approximately $600,000.

5. This $600,000 has since been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; and/or has been commingled with other property which cannot be divided with difficulty.

6. Accordingly, I consent and agree to the entry of a forfeiture money judgment in the amount of $600,000 ("**Forfeiture Money Judgment**"), which is equal to the total value of the property, real or personal, that I obtained as a result of my participation in the money laundering conspiracy charged in the Information.

7. In accordance with the Plea Agreement, I consent and agree that, in order to satisfy the **Forfeiture Money Judgment,** I will transfer any liquid assets in my custody and control to the United States within 30 days of the date of sentencing ("**Forfeiture Payment**").

8. If any balance of the **Forfeiture Money Judgment** remains after the **Forfeiture Payment** is made and the 30-day period expires, I agree and consent, individually and as an authorized representative of Taluma Investments LLC and Mata & Kids Holding Ltd., to the

**ATTACHMENT A**

forfeiture of real property located at 1300 Brickell Bay Drive, Unit 3903, Miami, Florida (the "**Substitute Real Property**"), as substitute property in partial satisfaction of the **Forfeiture Money Judgment**.

9. If any other person or entity makes a claim to the **Substitute Real Property** and such claim necessitates any further administrative or judicial forfeiture action regarding such asset, I agree to cooperate fully with the United States in any such proceedings.

10. To the extent that the **Forfeiture Payment** and **Substitute Real Property** do not fully satisfy the **Forfeiture Money Judgment**, I understand and agree that the United States will seek the forfeiture of other substitute property.

11. I, including my agents, heirs, relatives, and assigns, hereby withdraw any and all claims and waive any answer and defenses in this matter that I have or might have against the United States, the U.S. Department of Justice, the U.S. Attorney's Office for the Southern District of Florida, the U.S. Department of Homeland Security, Homeland Security Investigations, U.S. Department of Treasury, and all agents, officers, and employees thereof (hereinafter the "Released Parties"), relating to the seizure of, or the commencement of administrative or judicial forfeiture proceedings against or involving, the **Forfeiture Money Judgment, Forfeiture Payment,** and **Substitute Real Property,** including any claims for lost profits or interest or excessive fines under the Eighth Amendment of the U.S. Constitution.

**ATTACHMENT A**

12. I agree to hold harmless the Released Parties from any and all claims pertaining to this matter and the **Forfeiture Money Judgment**, **Forfeiture Payment**, and **Substitute Real Property**.

<u>Consenting Party's Signature</u>: I have read this Consent to Forfeiture and carefully reviewed each and every part of it with my legal counsel. I understand this Consent to Forfeiture and voluntarily agree to it.

10/25/18          By: _____
Date                     MATTHIAS KRULL,
                             Individually and on Behalf of
                             **TALUMA INVESTMENTS LLC**
                             **MATA & KIDS HOLDING LTD.**

<u>Defense Counsel's Signature</u>: I am counsel for Matthias Krull. I have carefully reviewed each and every part of this Consent to Forfeiture with my client. To my knowledge, Matthias Krull's decision to enter into this Consent to Forfeiture is an informed and voluntary one.

10/25/18          By: _____
Date                     Counsel for MATTHIAS KRULL
                             Oscar S. Rodriguez

<u>Adopting Party's Signature</u>: I have read this Consent to Forfeiture and carefully reviewed each and every part of it with my legal counsel. I understand this Consent to Forfeiture and voluntarily agree to the forfeiture of the **Substitute Real Property**, as identified in paragraph 8. I waive any claim or right to further notice of the forfeiture of such asset. I agree to not contest or assist anyone else in contesting the forfeiture of the **Substitute Real Property**. I, including my agents, heirs, relatives, and assigns, hereby withdraw any and all claims and waive any answer and defenses in this matter that I have or might have against the United States, the U.S. Department of Justice, the U.S. Attorney's Office for the Southern District of Florida, the U.S. Department of Homeland Security, Homeland Security Investigations, the U.S. Department of Treasury, and all agents, officers, and employees thereof (hereinafter the "Released Parties"), relating to the seizure of, or the commencement of administrative or judicial forfeiture proceedings against, the **Substitute Real Property**, including any claims for lost profits or interest or excessive fines under the Eighth Amendment of the U.S. Constitution. I agree to hold harmless the Released Parties from any and all claims pertaining to this matter and the **Substitute Real Property**.

10/25/18          By: _____
Date                     TATIANA SEARA-PARRA,
                             Individually and on Behalf of
                             **TALUMA INVESTMENTS LLC**
                             **MATA & KIDS HOLDING LTD.**