UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20682-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**MATTHIAS KRULL**,

      Defendant.

_____/

## ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of an Order of Forfeiture for a money judgment in the amount of $600,000 in U.S. currency, pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Being fully advised and based on the United States' Unopposed Motion for Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

    1.    On August 16, 2018, Defendant Matthias Krull (the "Defendant") was charged by Information with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1957. (*See* Information, [ECF No. 23]). The Information included forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit to the United States all property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 2.

    2.    On August 22, 2018, pursuant to a written Plea Agreement, the Defendant pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h)

CASE NO. 18-20682-CR-ALTONAGA

and 1957 as charged in the Information. (*See* Minute Entry, [ECF No. 28]); Plea Agreement ¶ 2, [ECF No. 29]. In his Plea Agreement, the Defendant agreed to following provisions, among others:

> 15. The Defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Information, and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The Defendant admits and agrees that the conduct described in the criminal complaint, Information, and factual proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.
>
> 16. The Defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all assets, including real and personal property, cash, and other monetary instruments, wherever located, which the Defendant, or others to the Defendant's knowledge, have accumulated as a result of illegal activities, or are forfeitable as substitute assets in the place of assets accumulated as a result of illegal activities. The Defendant further agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The Defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the Defendant's sentencing. To that end, Defendant agrees to fully assist the Office in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The Defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Office.
>
> 17. The Defendant agrees to make full and accurate disclosure of his financial affairs to the United States and expressly authorizes the United States to obtain a credit report. The Defendant agrees that within 10 calendar days and upon request of the Office, the Defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The Defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling,

2

> transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under Title 18, United States Code, Section 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. The Defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the United States, until his forfeiture money judgment is paid in full. The Defendant shall also identify any transfer of assets valued in excess of $5,000 since the date when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.
>
> 18. The Defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The Defendant further knowingly and voluntarily: (1) waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, (2) waives any applicable time limits for the initiation of administrative or judicial forfeiture proceedings, (3) waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty, and (4) waives any right to appeal the forfeiture.

Plea Agreement ¶¶ 15-18.

3. In support of his guilty plea, the Defendant stipulated that his role in the charged conspiracy was as a banker and money laundering facilitator for Conspirator 7 and others. (*See* Factual Proffer ¶ 21, [ECF No. 30]). Conspirator 7 contacted the Defendant regarding laundering approximately $600 million. *See id.* ¶ 25. Conspirator 7 then introduced the Defendant to Conspirator 10 and Mario Enrique Bonilla Vallera ("Bonilla"), who represented the stepsons of Venezuelan Official 2. *See id.* ¶¶ 26-32. Bonilla is a Defendant in a related criminal case, *United States v. Convit Guruceaga et al.*, Case No. 18-20687-CR-KMW.

4. On October 25, 2018, the Defendant executed a Consent to Forfeiture. *See* U.S.'s Motion for Order of Forfeiture, Attachment A ¶ 6. As part of the charged conspiracy, the Defendant referred Bonilla to Conspirator 12 to assist in the laundering of the funds. *See id.* ¶ 4. In exchange for the referral, Conspirator 12 shared half of a 2-percent fee with the Defendant,

which was 1 percent of $60 million, or approximately $600,000. *See id.* The Defendant consented and agreed that this $600,000 has since been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; and/or has been commingled with other property which cannot be divided with difficulty. *See id.* ¶ 5.

5. The Defendant has consented and agreed to a forfeiture money judgment in the amount of $600,000, which is equal to the total value of the property, real or personal, that he obtained as a result of his participation in the money laundering conspiracy charged in the Information. *See id.* ¶ 6.

6. He has also agreed to satisfy his forfeiture money judgment within 30 days of sentencing, or forfeit, as a substitute asset, real property located at 1300 Brickell Bay Drive, Unit 3903, Miami, Florida, if a balance remains after that period expires. *See id.* ¶¶ 7-8.

7. Based on the Defendant's guilty plea, the Plea Agreement, Factual Proffer, and Consent to Forfeiture, the Defendant obtained $600,000 as a result of his participation in the money laundering conspiracy, and such property was therefore, "involved in" the offense charged in the Information. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

**THEREFORE**, the United States' Unopposed Motion for Order of Forfeiture and Memorandum of Law [ECF No. 49] is hereby **GRANTED**, and it is hereby **ORDERED** that:

1. A forfeiture money judgment in the amount of $600,000 in U.S. currency is hereby entered against Defendant Matthias Krull;

2. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no ancillary proceeding is required as the requested forfeiture consists of only a money judgment;

CASE NO. 18-20682-CR-ALTONAGA

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Matthias Krull, and shall be made part of his sentence and referenced in the judgment and commitment order issued in this case;

4.  The United States is authorized, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of forfeitable property; and

5.  The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this 26th day of October, 2018.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record