# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**　　　　　　　　　Case No: 18-20682-CR-ALTONAGA

**Plaintiff,**

vs

**MATTHIAS KRULL,**


　　**Defendant,**

_____/

## MOTION FOR EARLY TERMINATION
## OF SUPERVISED RELEASE

　　MATTHIAS KRULL, by and through undersigned counsel hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began November 29, 2022, and will expire November 29, 2025. Mr. Krull has satisfactorily completed one year of his supervisory term.

### Conviction and Sentence

　　On August 22, 2018, Matthias Krull pled guilty to a single-count Information, which charged him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Mr. Krull was sentenced on October 29, 2018, to 120 months imprisonment to be followed by a 3-year term of supervised release (due to expire November 29, 2025). Subsequently, Mr. Krull provided substantial assistance to the Government and, as a result, on September 3, 2020, his sentence was reduced to 42 months imprisonment. On November 28, 2022, his sentence was reduced to 15 months imprisonment based on additional substantial assistance to the Government. By that time, Mr. Krull had served more than 15 months and was released from imprisonment the next day, November 29, 2022, at which time his 3-year term of supervised release began.

1

## Applicable Law

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. As such, early termination is a practice that holds promise as a positive incentive for persons under supervision and as a measure to contain costs in the judiciary without compromising the mission of public safety.

## Criteria to Consider – History and Characteristics of Mr. Krull

Mr. Krull had no aggravated role in the offense of conviction; has no history of violence; no recent arrests (actually no arrests, ever, aside from the instant case), no ongoing criminal activity; no recent evidence of alcohol or drug abuse; no recent mental health episodes; and poses no identifiable risk to the safety of anyone. Mr. Krull has maintained stable residence with his wife and three children (Lukas, age 12; Kristopher, age 10; and, Khloe, age 5) since release from incarceration. The defendant is active in the children's activities while his wife is employed full-time. Mr. Krull has reported to his probation officer (both pretrial and during his term of supervised release) as required and has requested (and received) permission from this Court to travel outside this district (notably, for his son's soccer games). Matthias Krull has satisfied all monetary obligations to include special assessment and fine (D.E. 67) and forfeiture (D.E. 57).

## Criteria to Consider – Unused *Earned Time Credits* to be Credited to Supervised Release pursuant to the First Step Act

The First Step Act (FSA) is a comprehensive reentry law that was signed into law on December 21, 2018. The Act deals mostly with reentry of the incarcerated, directing the Federal Bureau of Prisons to take specific actions regarding programming, good-time credit, *earned time credits*, and compassionate release, among other issues.

18 U.S.C. § 3632(d) addresses the First Step Act's "Evidence-Based Recidivism Reduction Program Incentives and Productive Activities Rewards." Subsection (d)(4) states, "The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs" and (d)(4)(C) provides, "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities *shall be applied toward* time in prerelease custody or *supervised release*." (emphasis added)

New 18 U.S.C. § 3632 requires the Attorney General to develop and publicly release on the DOJ website a risk and needs assessment system that will, among other things, permit

individuals considered by the BOP to have a low or minimum risk of reoffending to earn 15 days of credits for each 30 days of programming completed, up to a maximum of 12 months[1]. These "earned time credits" are not to be confused with "good time credits" (for good behavior) which are awarded in the amount of up to 54 days a year. Earned time credits are in addition to other rewards or incentives for which a prisoner may be eligible and were created by the FSA.

Mr. Krull qualified for, and did earn, FSA earned time credits based on his conduct in prison. Per the attached Bureau of Prisons printout dated October 12, 2022 (that Mr. Krull received from his case manager while incarcerated), he had earned 165 days (5.5 months) FSA credits. (Notably, Mr. Krull stated that while the printout is dated October 12, 2022, FSA earned time credits were calculated only through April 2022.[2]) While incarcerated, Mr. Krull volunteered as a Spanish GED Tutor for the Education Department at FCI Miami. Mr. Krull also volunteered, and did, teach an English and Spanish course on Mondays, Wednesdays, and Thursdays from 6 PM to 8 PM. He was not compensated for this voluntary work. According to the ACE and GED Coordinator for the Education Department, he did an excellent job and was given outstanding remarks. Through his commitment to give back to the inmate community, Mr. Krull will help reduce recidivism by providing these inmates with some of the key tools they will need to succeed outside the prison population. In addition, Mr. Krull was enrolled in the FSA course, "Money Smart," and complied with the Education Department Team recommendations.

In addition to the documented 165 days of FSA earned time credits through April 2022, Mr. Krull should have an additional 7 months' worth of credits at 15 days per month (another 105 days) from May to November 2022, totaling approximately 270 days or almost 9 months' worth of FSA earned time credits.

Since these FSA earned time credits were not applied to reduce his prison time, this Court should apply them to reduce his term of supervised release pursuant to 18 U.S.C. § 3632(d)(4)(C).

Two cases, while outside this district and not binding on this Court, reflect two district courts who did this very thing. In Dyer v. Fulgam (Eastern District of Tennessee case 1:21-CV-299-CLC-CHS), the Court applied the petitioner's 489 days' worth of unused (or left over after BOP applied credits toward early release) FSA earned time credits toward Petitioner's term of supervised release. In Lallave v. Martinez (Eastern District of New York case 22-CV-791(NGG)(RLM)) the Court ordered the remaining earned time credits (after first using credits for release from prison) be applied to reduce Lallave's time on supervised release.

---

[1] Medium- and high-risk individuals can earn 10 days of credits for each 30 days of programming completed; individuals determined to be minimum or low risk for 2 consecutive assessments and who have not increased their risk of recidivism can earn an additional 5 days of credits for every 30 days of programming completed.

[2] Undersigned counsel requested a FSA computation from the BOP; however, was told the FSA computation sheet is not disclosable to the inmate. Therefore, counsel has done his best to accurately calculate Mr. Krull's FSA earned time credits with available information.

**Criteria to Consider - Additional Time Not Credited**

**Time under Supervision:** Mr. Krull was at liberty on bond from September 11, 2018, to July 2, 2021 (2 years, 9 months and 22 days or approximately 34 months) during which time he was in full compliance with all of his bond conditions. He presented himself to this Court for sentencing and every matter before and after.

**Time in Prison:** Mr. Krull's sentence was 15 months imprisonment. He actually served approximately 18.5 months[3].

Mr. Krull asks this Court to take into consideration the satisfactory time he spent under pretrial supervision – approximately **34 months**. Mr. Krull also asks this Court to take into consideration the approximately **3.5 months** prison time served not credited to his sentence (and not used in calculating FSA *earned time credits*). Mr. Krull asks this Court to use its discretion and give him credit for 37.5 months toward his term of supervised release.

Mr. Krull has completed every condition asked of him. He has fully reintegrated into society and is a valued family member and a law-abiding member of our community. He has achieved stable community reintegration. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Based on the above, Mr. Krull asks this Court to apply his FSA *earned time credits* under the First Step Act which he earned but were left unused at the time his prison sentence expired, approximately **9 months**. This, together with his satisfactory time under supervision along with his time spent in prison beyond his sentence totals 46.5 months. Mr. Krull moves this Honorable Court to terminate the defendant's term of supervised release after considering the defendant's adjustment to and exceptional performance on federal supervision as well as the provisions of the First Step Act.

AUSA Paul Hayden and AUSA Michael Burger, have been advised of the motion and have no objection to the Motion. This motion fully complies with local rules 88.9(a).

---

[3] Pretrial 7/24/2018-9/11/2018 of 50 days or 1 month and 19 days **plus** 7/2/2021 through 11/29/2022 of 516 days or 16 months and 28 days).

Respectfully submitted,

Oscar S. Rodriguez, Esq.
4500 South Le Jeune Road
Coral Gables, Florida 33146
Telephone: (305) 445-2000
Facsimile: (305) 445-9007
Email: osrlaw@aol.com

  /s/    *Oscar S. Rodriguez*
         FBN: 194325

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been electronically filed on this 7th day of December 2023 through the Clerk of Court through CM/ECF.

  /s/    *Oscar S. Rodriguez*